Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| QUQUYÉ, INC. Y OTROS<br><br>Recurridos<br><br>v.<br><br>FRANCISCO ALEJANDRO CRUZ SOTO Y OTROS<br><br>Peticionarios | TA2026CE00065 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Sobre: Cobro de Dinero (ordinario)<br><br>Caso Núm. SJ2024CV05270 |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez

Domínguez Irizarry, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 28 de enero de 2026.

La parte peticionaria, Francisco Alejandro Cruz Soto *h/n/c* Artesanos Café, "Los 3 Cuernos" y/o "3 Cuernos", y Romero Cruz Incorporated, comparece ante nos, mediante el recurso de *certiorari* de epígrafe, para que dejemos sin efecto la *Orden* notificada el 17 de diciembre de 2025, por el Tribunal de Primera Instancia, Sala Superior de San Juan. Posteriormente, la parte peticionaria solicitó la paralización de los procedimientos en auxilio de nuestra jurisdicción.

Por los fundamentos que expondremos a continuación, se deniega la expedición del recurso de *certiorari* solicitado y se declara *No Ha Lugar* la *Moción en Auxilio de Jurisdicción.*

### I

La parte peticionaria recurre de una *Orden* emitida el 14 de noviembre de 2025 y corregida mediante *Notificación* emitida el 17 de diciembre de 2025. Mediante dicha determinación, el foro primario, al amparo de la Regla 34.2(c) de Procedimiento Civil, 32 LPRA Ap. V, R. 34.2, impuso a la parte peticionaria el pago de dos mil cien dólares ($2,100.00) por los gastos incurridos en la

obtención de la *Orden* emitida el 10 de julio de 2025, luego de que el Tribunal de Primera Instancia tuviera que intervenir en múltiples ocasiones para atender controversias relacionadas con el descubrimiento de prueba.

Inconforme, y tras denegada una previa *Moción de Reconsideración,* el 15 de enero de 2026, la parte peticionaria compareció ante nos mediante el presente recurso de *certiorari.* En el mismo formula los siguientes señalamientos de error:

> Erró el TPI al denegar la Reconsideración bajo el fundamento de que la Orden emitida el 17 de diciembre de 2025 constituía una enmienda *nunc pro tunc* de la Orden emitida el 14 de noviembre de 2025, por lo que dicha Reconsideración fue presentada fuera de término, conforme lo alegado por la parte recurrida en su *Oposición a Moción de Reconsideración.*
>
> Erró el TPI al imponer sanciones a la parte peticionaria por alegadamente esta incumplir con asuntos relacionados al descubrimiento de prueba, así como avalar el incumplimiento reiterado de la parte recurrida con lo exigido en la Regla 34.1 de las Reglas de Procedimiento Civil de Puerto Rico.

El 27 de enero de 2026, la parte peticionaria compareció ante nos mediante la presentación de una *Moción en Auxilio de Jurisdicción.* En esta, solicita la paralización de los procedimientos en el Tribunal de Primera Instancia.

Luego de examinar el expediente de autos y con el beneficio de la comparecencia de ambas partes de epígrafe, procedemos a expresarnos.

## II

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, expresamente delimita la intervención de este Tribunal para evitar la revisión judicial de aquellas órdenes o resoluciones que dilatan innecesariamente el curso de los procesos. *Rivera v. Joe's European Shop,* 183 DPR 580, 594 (2011). En lo pertinente, la referida disposición reza como sigue:

. . . . . . . .

El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

. . . . . . . .

32 LPRA Ap. V, R. 52.1.

El entendido doctrinal vigente de la precitada disposición establece que, su inserción en nuestro esquema procesal, aun cuando obedece al propósito de delimitar las circunstancias en las que el foro intermedio habrá de intervenir con resoluciones u órdenes interlocutorias emitidas por el tribunal primario, asegura la revisión apelativa, mediante el recurso de *certiorari*, en situaciones meritorias constitutivas de excepción. *Job Connection Center v. Sups. Econo,* 185 DPR 585, 593 (2012). Así, cuando, en el ejercicio de su discreción, este Foro entienda que determinada cuestión atenta contra intereses protegidos, o desvirtúa el ideal de justicia, viene llamado a entender sobre la misma.

Por su parte, sabido es que el recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 847 (2023); *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020); *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 728 (2016); *IG Builders et al.*

*v. BBVAPR,* 185 DPR 307, 337-338 (2012). Mediante la presentación de un recurso de *certiorari* se pretende la revisión de asuntos interlocutorios que han sido dispuestos por el foro de instancia en el transcurso y manejo del caso que atienden. Distinto al ejercicio de sus funciones respecto a un recurso de apelación, el tribunal al que se recurre mediante el vehículo procesal del recurso de *certiorari* tiene discreción para atender el asunto planteado, ya sea expedir el auto solicitado o denegarlo. *800 Ponce de León v. AIG,* supra; *Rivera Figueroa v. Joe's European Shop,* 183 DPR 580, 593 (2011); *Pueblo v. Díaz de León,* 176 DPR 913, 917 (2009); *García v. Padró,* 165 DPR 324, 334 (2005).

La Regla 40 del Reglamento de este Tribunal establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional. Estos son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 141, pág. 63, 216 DPR __ (2025).

Ahora bien, la correcta consecución de la justicia necesariamente conlleva reconocer a los juzgadores de los foros

primarios un amplio margen de deferencia respecto al ejercicio de sus facultades adjudicativas dentro del proceso que dirigen. De ordinario, el criterio judicial empleado en el manejo de un caso al emitir pronunciamientos de carácter interlocutorio está revestido de gran autoridad. De ahí la premisa normativa que califica la tramitación de los asuntos en el tribunal primario como una inherentemente discrecional del juez. Siendo así, y sin apartarse de los preceptos pertinentes al funcionamiento del sistema judicial, el adjudicador concernido está plenamente facultado para conducir el proceso que atiende conforme le dicte su buen juicio y discernimiento, siempre al amparo del derecho aplicable. *In re Collazo I,* 159 DPR 141, 150 (2003). Cónsono con ello, sabido es que los tribunales apelativos no "deben intervenir con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por éste en el ejercicio de su discreción, salvo que se pruebe que actuó con prejuicio o parcialidad incurrió en craso abuso de discreción o en error manifiesto". *Citibank et al v. ACBI et al.*, 200 DPR 724, 736 (2018).

**III**

La causa de epígrafe en parte versa sobre una determinación judicial de carácter interlocutorio, propia a la discreción del juzgador de hechos y a la adecuada tramitación de un caso. Al examinar el dictamen mediante el cual el Tribunal de Primera Instancia impuso a la parte peticionaria el pago de una suma de dinero como sanción relacionada con el manejo del descubrimiento de prueba, ello a la luz de lo estatuido en la Regla 52.1 de Procedimiento Civil, *supra,* advertimos que dicho pronunciamiento no está inmerso en las instancias contempladas por el legislador a los fines de que este Foro pueda entender sobre un recurso de *certiorari.* Siendo así, y dado que la parte peticionaria no demostró que, de no actuar respecto a su solicitud, habría de producirse un fracaso de la justicia que

ameritara el ejercicio de nuestra discreción para acoger su recurso, nada debemos proveer.

Siendo de este modo, y por no concurrir causa alguna de las contempladas en la Regla 40 de nuestro Reglamento, *supra*, resolvemos abstenernos de imponer nuestro criterio al desplegado por el Juzgador de hechos.

**IV**

Por los fundamentos que anteceden, se deniega la expedición del recurso de *certiorari* solicitado. Igualmente, se declara *No Ha Lugar* la *Moción en Auxilio de Jurisdicción.*

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones